Bruce J. Berger, SBN 133320
Joshua D. Milton, SBN 324982
**BERGER MILTON, INC.**
2147 Herndon Avenue
Suite 103
Clovis, California 93611
Voice: (559) 326-7914
FAX:  (559) 533-0428
Email: bruceb@bergermilton.com;
      joshuam@bergermilton.com

Attorneys for Defendants, FRESNO UNIFIED SCHOOL DISTRICT

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

*****

| | |
|---|---|
| M.O., a minor at the time of events, | Case No.: |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a), (c)** |
| FRESNO UNIFIED SCHOOL DISTRICT, a public entity; DUSTY WILLIAM LEWIS, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant FRESNO UNIFIED SCHOOL DISTRICT ("FUSD") hereby removes to this court the state action described below.

1.     On November 20, 2025, an action was commenced in the Superior Court of the State of California in and for the County of Fresno, entitled M.O., a minor at the time of events, Plaintiff vs. FRESNO UNIFIED SCHOOL DISTRICT, a public entity; DUSTY WILLIAM LEWIS, an individual; and DOES 1 through 50, inclusive, Defendants, as Case Number 25CECG05465.  A Summons was issued by the Court on January 8, 2026.  True and correct copies of the Summons and Complaint for Damages are attached hereto collectively as Exhibit "A".  Plaintiff alleges a cause of action for "TITLE IX SEX DISCRIMINATION" under 20 U.S.C. § 1681 et seq., and 34 C.F.R. Part 106.

1

M.O. v. Fresno Unified School District, et al.
U.S.D.C. Eastern District of California Case No.:
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a), (c)**

2.      The Summons and Complaint for Damages were served on Defendant FRESNO UNIFIED SCHOOL DISTRICT ("FUSD") on January 13, 2026.  Attached hereto as Exhibit "B" is a copy of the Proof of Service of Summons reflecting personal service of the Summons and the Complaint for Damages upon Defendant FUSD on January 13, 2026.

3.      On December 16, 2025, Defendant DUSTY WILLIAM LEWIS was dismissed by Plaintiff from the lawsuit.  A copy of the Request for Dismissal is attached hereto as Exhibit "C".

4.      The docket and remaining part of the court's file is attached hereto as Exhibit "D."

5.      This action is a civil action over which this court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), (4), and 20 U.S.C. § 1681 et seq., and is one which may be removed to this court by Defendant under 28 U.S.C. § 1441.  Supplemental jurisdiction of the state claims can be invoked under 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. § 1391.

6.      Written notice of the filing of this Notice of Removal is being served on Plaintiff's counsel.

7.      A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Fresno.

WHEREFORE, Defendant FRESNO UNIFIED SCHOOL DISTRICT respectfully requests that this court assume full jurisdiction over the entire cause herein as provided by law.


Dated: February 11, 2026.                    BERGER MILTON, INC.



                                             By: _Bruce J. Berger_____
                                                 Bruce J. Berger
                                             Attorneys for Defendant, FRESNO UNIFIED
                                             SCHOOL DISTRICT

M.O. v. Fresno Unified School District, et al.
U.S.D.C. Eastern District of California Case No.:
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a), (c)**

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FRESNO UNIFIED SCHOOL DISTRICT, a public entity; DUSTY
WILLIAM LEWIS, an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

M.O., a minor at the time of events

E-FILED
1/8/2026
Superior Court of California
County of Fresno
By: A. Hoffman, Deputy

RECEIVED

JAN 13 2025

Benefits & Risk Management
Fresno Unified School District

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of the State of California | CASE NUMBER: *(Número del Caso):* 25CECG05465 |

COUNTY OF FRESNO
1130 "O" STREET

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benjamin Tryk, Esq., TRYK LAW, 575 E. Locust Avenue, Suite 308, Fresno CA 93721    (559) 840-3240

| | | |
|---|---|---|
| DATE: *(Fecha)* 1/8/2026 | Clerk, by *(Secretario)* | A. Hoffman, Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* **FRESNO UNIFIED SCHOOL DISTRICT, a public entity**

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* **CCP §416.50 a Public Entity**

4. ☐ by personal delivery on *(date):* 13 JAN 26

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>Civil Unlimited Department, Central Division<br>1130 O Street<br>Fresno, California 93721<br>(559) 457-1900 | *FOR COURT USE ONLY*<br><br>12/6/2025 |
| TITLE OF CASE:<br><br>   **M. O. vs. Fresno Unified School District , a Public Entity** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF<br>JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>   **25CECG05465** |

| | |
|---|---|
| **To All Parties and their Attorneys of Record:** | **Benjamin P. Tryk<br>Tryk Law<br>575 E. Locust Avenue, Suite 308<br>Fresno CA 93720** |

> This case has been assigned to **Kristi Culver Kapetan**, Judge for all purposes.
> All future hearings will be scheduled before this assigned judge, in **Department 502**

You are required to appear at a Case Management Conference on **04/01/2026 at 3:00 PM** in Department 97E of the Court located at **2317 Tuolumne Street, Fresno, California.**

You must comply with the requirements set forth in Chapter 2 of the Superior Court of Fresno County, Local Rules. You must file a Case Management Conference Statement at least 15 calendar days before the conference (Cal. Rules of Court, rule 3.725(a).)

Failure to appear at the conference or to comply with these rules may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you.
If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

**An Order Regarding Remote Appearance (RA-020) is not required for Case Management Conferences unless so ordered by the court. For any other appearances, a party must submit a request for remote appearance to be reviewed.**

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:   **12/6/2025**                          Clerk, by   **Emma Lucio**                          , Deputy

---

CV-48 R06-25                **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT**
OPTIONAL                          **OF JUDGE FOR ALL PURPOSES**



1  Joseph M. Barrett, Esq. State Bar № 143974
   jmb@thebarrettlawyers.com
2  **The Barrett Lawyers APC**
   845 Avenue B
3  Redondo Beach, CA 90277
   Telephone: (310) 944-5236
4
   Benjamin P. Tryk, Esq. State Bar № 253299
5  ben@tryklaw.com
   **Tryk Law**
6  575 E. Locust Avenue, Suite 308
   Fresno, CA 93720
7  Telephone: (559) 840-3240

8  *Attorneys for Plaintiff M.O.*

9

E-FILED
11/20/2025 10:18 AM
Superior Court of California
County of Fresno
By: Emma Lucio, Deputy

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                          **COUNTY OF FRESNO**

12  M.O., a minor at the time of events,

13                  Plaintiff,

14

15                     vs.

16

17  FRESNO UNIFIED SCHOOL DISTRICT, a
    public entity; DUSTY WILLIAM LEWIS, an
    individual; and DOES 1 through 50, inclusive,

18

19                  Defendants.

20

21

22

23

24

25

26

27

28

**Case No:** 25CECG05465

**COMPLAINT FOR DAMAGES**

*Unlimited Civil Case*

1.  **NEGLIGENT HIRING, RETENTION, AND
    SUPERVISION (Gov. Code § 815.2)**

2.  **NEGLIGENCE – FAILURE TO PROTECT &
    SUPERVISE STUDENTS (Gov. Code § 815.2,
    Education Code § 44807)**

3.  **SEXUAL HARRASSMENT IN EDUCATION
    (Education Code § 220)**

4.  **NEGLIGENCE PER SE
    (Gov. Code § 815.6,
    Ed. Code §§ 35021, 44830.1,
    45125.1)**

5.  **NEGLIGENT FAILURE TO
    REPORT CHILD ABUSE
    (Gov. Code § 815.2, PENAL CODE
    § 11166)**

6.  **TITLE IX SEX DISCRIMINATION
    (20 U.S.C. § 1681 et seq.;
    34 C.F.R. Part 106)**

                **DEMAND FOR JURY TRIAL**

- 1 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff M.O. ("Plaintiff"), by and through her attorneys of record, against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; DUSTY WILLIAM LEWIS ("LEWIS"), an individual; and DOES 1 through 50, inclusive, and each of them, and complains and alleges as follows:

**I.**

**INTRODUCTION**

1.      This action arises from Defendants' systemic negligence and deliberate indifference that enabled a registered sex offender, LEWIS, to access and harass a minor student-athlete, M.O., within Fresno Unified School District's girls' softball program at Fresno High School.

2.      Despite mandatory screening laws, readily available public criminal records, and repeated complaints by students and parents, Defendants failed to screen, supervise, investigate, restrict, or remove LEWIS, thereby exposing M.O. to foreseeable harm in a school environment where she was entitled to be safe.

3.      As a direct and proximate result, M.O. suffered unwanted physical contact, sexual harassment, severe emotional distress, and disruption of her education and athletic participation.

**II.**

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction because the claims arise under California law and occurred in Fresno County, California.

5.      Venue is proper in this Court under Code of Civil Procedure §§ 395 and 393 because the acts and omissions complained of occurred in Fresno County and Defendants operate therein.

**III.**

**PARTIES**

6.      Plaintiff M.O. was, at all relevant times, a minor female student enrolled at Fresno High School and a member of the girls' softball team. She is now an adult residing in Fresno County.

7.      Defendant Fresno Unified School District ("FUSD") is a California public entity responsible for the operation and supervision of Fresno High School and its athletic programs, agents, and volunteers. Defendant Fresno High School is a public secondary school operated by FUSD.

- 2 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

8.      Defendant DUSTY WILLIAM LEWIS ("LEWIS") is an adult individual who, at all relevant times, acted as a volunteer coach for the Fresno High School girls' softball team. LEWIS is a registered sex offender under Penal Code § 290.

9.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1–50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by their acts and/or omissions. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10.     DOES 1–25 were administrators, employees, and/or agents of FUSD and Fresno High School who participated in or were responsible for screening, supervising, and protecting students in the girls' softball program.

12.     DOES 26–50 include any school-affiliated or supporting entity, booster club, foundation, or third party involved in operating, funding, supervising, or staffing the girls' softball program, fundraising events, or related activities.

## IV.

## GENERAL ALLEGATIONS

13.     Defendants permitted LEWIS to act as a volunteer coach with direct and repeated access to minor female athletes, including M.O., during practices, games, and team activities on and off campus during M.O.'s senior year at Fresno High School.

14.     California law requires background checks and fingerprint clearance for school volunteers and those with contact with students. Notwithstanding these mandates, Defendants failed to conduct or enforce required screening for LEWIS before allowing him to coach and physically interact with students.

15.     LEWIS's criminal history, including violent felony and sexual-offense convictions, was publicly available on California's Megan's Law website and readily discoverable with minimal diligence.

16.     During practices and games, LEWIS engaged in unwanted and inappropriate physical

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  contact with M.O., including grabbing, repositioning, and touching her body under the guise of

2  athletic instruction, causing fear, humiliation, and emotional harm.

3       17.     Students and parents complained to coaches and administrators about LEWIS's

4  harassing and unwanted sexual conduct and about his criminal background. Defendants received

5  actual and constructive notice of the risk he posed to students, including M.O.

6       18.     Despite notice, Defendants failed to investigate, restrict, supervise, or remove LEWIS,

7  and continued to provide him access to the girls' softball team.

8       19.     Defendants' omissions created and maintained a hostile and unsafe environment that

9  foreseeably caused harm to M.O. and deprived her of equal participation in school programs and

10 benefits.

11      20.     As a direct and proximate result of Defendants' conduct, M.O. suffered severe

12 emotional distress, psychological trauma, loss of trust in school officials, educational disruption, and

13 impairment of her athletic pursuits, necessitating counseling and related care.

14                                          **V.**

15                     **GOVERNMENT CLAIM COMPLIANCE**

16      21.     On or about August 26, 2025, Plaintiff, through counsel, timely presented a written

17 Government Claim to FUSD pursuant to Government Code § 910 et seq.

18      22.     On or about October 8, 2025 the Government Claim was formally denied by FUSD,

19 thereby satisfying the conditions precedent to filing this civil action under Government Code §§ 945.4

20 and 950.2.

21                                         **VI.**

22                            **FIRST CAUSE OF ACTION**

23   **NEGLIGENT HIRING, RETENTION, AND SUPERVISION (Gov. Code § 815.2)**

24  *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

25                  *through 50, inclusive, and each of them)*

26      23.     Plaintiffs re-allege and herein incorporate by reference each and every allegation and

27 statement contained in paragraphs 1 through 22 above as though fully set forth herein.

28      24.     Plaintiff alleges that DOES 1–50, inclusive, were employees of FUSD responsible for

                                        - 4 -

1 hiring, screening, and supervising volunteers. These employees negligently hired, retained, and
2 supervised LEWIS, whose unfitness and criminal history were known or reasonably discoverable.
3 Their negligence was a substantial factor in causing Plaintiff's injuries.

4       25.     Pursuant to Government Code § 815.2, FUSD is vicariously liable for the negligence
5 of its employees committed within the course and scope of their employment. Plaintiff does not allege
6 direct common-law liability against FUSD, but seeks recovery pursuant to Government Code § 815.2
7 for the negligence of its supervisory employees acting within the scope of their employment.
8 California courts recognize such vicarious liability under Government Code § 815.2 for negligence
9 of supervisory or administrative employees who fail to protect students from foreseeable misconduct.
10 School personnel owe students under their supervision a protective duty of ordinary care, for breach
11 of which the school district may be held vicariously liable. (*C.A. v. William S. Hart Union High Sch.*
12 *Dist.* (2012) 53 Cal.4th 861, 879 [school district vicariously liable under Government Code § 815.2
13 for administrators' negligent supervision of employee who abused student].) Defendants knew or, in
14 the exercise of ordinary care, should have known of LEWIS' unfitness, making the harm to students
15 reasonably foreseeable.

16       26.     Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,
17 inclusive, and each of them, owed a duty of reasonable care to students, including M.O., to select,
18 screen, train, and supervise employees, agents, and volunteers with access to students, and to remove
19 unfit persons from contact with students.

20       27.     Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,
21 inclusive, and each of them, breached this duty of reasonable care to students, including M.O., by
22 allowing LEWIS to volunteer without performing mandatory background and fingerprint checks, by
23 failing to review readily available criminal history, and by failing to supervise or restrict his access
24 to minor athletes.

25       28.     Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,
26 inclusive, and each of them, further breached their duty of reasonable care to students, including
27 M.O., by ignoring complaints and warnings about LEWIS' conduct and criminal status, and by failing
28 to implement basic safeguards such as visible supervision, no-contact coaching rules, and reporting

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   protocols.

2       29.     Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

3   inclusive, and each of them, negligently hired, retained, and supervised LEWIS and thus each were

4   substantial factors in enabling LEWIS' access and misconduct and in causing Plaintiff's injuries and

5   damages. Each of these employees owed Plaintiff a duty within the scope of their employment,

6   making FUSD vicariously liable under Government Code § 815.2(a).

7                                      **VII.**

8                          **SECOND CAUSE OF ACTION**

9        **NEGLIGENCE – FAILURE TO PROTECT & SUPERVISE STUDENTS**

10                 **(Gov. Code § 815.2, Education Code § 44807)**

11   *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

12                      *through 50, inclusive, and each of them)*

13      30.     Plaintiff re-alleges and herein incorporates by reference each and every allegation and

14   statement contained in paragraphs 1 through 29 above as though fully set forth herein.

15      31.     A special relationship existed between Defendants and Plaintiff as a minor under their

16   care, giving rise to a duty—codified in Education Code § 44807 and recognized in *Dailey v. Los*

17   *Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747—to exercise ordinary care in supervising and

18   protecting students from foreseeable harm, including misconduct by volunteers or third parties.

19      32.     Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

20   inclusive, and each of them, breached this duty to use reasonable care to protect her from foreseeable

21   harm, including misconduct by third parties and volunteers by failing to supervise practices and

22   games adequately, failing to investigate complaints, failing to restrict or remove LEWIS after notice,

23   and failing to implement reasonable protective measures despite foreseeable risk.

24      33.     Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

25   inclusive, and each of them, failed to protect and supervise which was a substantial factor in causing

26   Plaintiff's injuries and damages, including emotional and psychological harm and interference with

27   her education and athletics.

28      34.     Under Government Code section 815.2, FUSD is vicariously liable for the negligence

                                     - 6 -

1  of its employees and administrators acting within the course and scope of their employment.

2  ## VIII.

3  ## THIRD CAUSE OF ACTION

4  ### SEXUAL HARRASSMENT IN EDUCATION

5  ### (Education Code § 220)

6  *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

7  *through 50, inclusive, and each of them)*

8       35.     Plaintiff re-alleges and herein incorporates by reference each and every allegation and

9  statement contained in paragraphs 1 through 38 above as though fully set forth herein.

10      36.     This claim is authorized directly by statute under Education Code § 220 and Cal.

11  Code Regs., tit. 5, § 4910 et seq., which provide a private right of action for sex-based harassment

12  and deliberate indifference by educational institutions receiving state financial assistance. FUSD and

13  Fresno High School receive state financial assistance and are subject to the California Sex Equity in

14  Education Act (Education Code sections 200–220). This claim is distinct from negligence and arises

15  from a direct statutory duty under the California Sex Equity in Education Act, creating independent

16  liability notwithstanding Gov. Code § 815(a). California courts, including *Donovan v. Poway*

17  *Unified Sch. Dist.* (2008) 167 Cal.App.4th 567, 579–580, recognize a private right of action under

18  Education Code § 220 for student victims of sex-based harassment.

19      37.     Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

20  inclusive, and each of them, had a duty to maintain an educational environment free from sexual

21  harassment, including conduct of a sexual nature that has the purpose or effect of creating a hostile,

22  intimidating, or abusive environment that interferes with a student's participation in or benefit from

23  school programs and activities.

24      38.     By permitting LEWIS—a registered sex offender—to have unsupervised access to

25  M.O. and other female athletes, and by allowing unwanted physical contact and sexually harassing

26  behavior to continue after notice, Defendants created and maintained a hostile educational

27  environment.

28      39.     Plaintiff and others made complaints to administrators and staff; Defendants

- 7 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50, inclusive, and each of them, had

2  actual knowledge yet acted with deliberate indifference by failing to investigate, discipline, restrict,

3  or remove LEWIS, thereby denying Plaintiff equal access to educational opportunities and benefits.

4        40.      As a direct and proximate result, Plaintiff suffered emotional distress, humiliation,

5  and educational disruption and was deprived of a safe, nondiscriminatory learning environment. This

6  statutory claim provides an independent remedy separate from negligence, consistent with Education

7  Code § 201(g) and California's public-policy commitment to educational equity. These acts and

8  omissions constitute sex-based discrimination prohibited by Education Code § 220 and Cal. Code

9  Regs., tit. 5, § 4910(j), entitling Plaintiff to all remedies available under California law.

10                                            **IX.**

11                          **FOURTH CAUSE OF ACTION**

12                            **NEGLIGENCE PER SE**

13              **(Gov. Code § 815.6, Ed. Code §§ 35021, 44830.1, 45125.1)**

14   *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

15                      *through 50, inclusive, and each of them)*

16        41.      Plaintiff re-alleges and herein incorporates by reference each and every allegation and

17  statement contained in paragraphs 1 through 40 above as though fully set forth herein.

18        42.      Under Gov. Code § 815.6, liability arises where (1) a statute imposes a mandatory

19  duty on a public entity, (2) the duty is intended to protect against the kind of injury suffered, and (3)

20  the breach proximately causes the injury. Each element is met here. Defendants were under a

21  mandatory duty imposed by statute; the statutes were intended to protect a defined class of persons

22  including Plaintiff; and the injuries suffered were of the kind the enactments were designed to prevent.

23  Education Code §§ 35021, 44830.1, and 45125.1 impose a mandatory duty upon school districts to

24  require fingerprinting and DOJ clearance for all employees and volunteers with student contact.

25  Defendants failed to discharge this mandatory duty. FUSD is directly liable for failure to discharge

26  this mandatory duty. (*Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 498–499).

27        43.      Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

28  inclusive, and each of them, denied Plaintiff equal benefits and protections in educational and athletic

1  programs by permitting sex based harassment and by failing to protect her on the basis of sex.

2      44.    The conduct of Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1

3  through 50, inclusive, and each of them, was a substantial factor in causing Plaintiff's damages.

4  Plaintiff seeks compensatory and statutory relief, including attorney's fees and civil penalties where

5  authorized. FUSD's violation of these statutory safeguards proximately caused the injuries Education

6  Code §§ 35021 et seq. were designed to prevent — student harm by unvetted adults.

7                                        **X.**

8                          **FIFTH CAUSE OF ACTION**

9                  **NEGLIGENT FAILURE TO REPORT CHILD ABUSE**

10                 **(Gov. Code § 815.2, PENAL CODE § 11166)**

11       *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

12                     *through 50, inclusive, and each of them)*

13      45.    Plaintiff re-alleges and herein incorporates by reference each and every allegation and

14  statement contained in paragraphs 1 through 44 above as though fully set forth herein.

15      46.    At all relevant times, DOES 1–25 were mandated reporters under the Child Abuse and

16  Neglect Reporting Act and were required to report known or reasonably suspected child abuse,

17  including sexual abuse and unlawful touching of students, to law enforcement or child protective

18  services. This duty is non-discretionary and arises from statute; negligent violation of Penal Code §

19  11166 constitutes actionable breach of a mandatory duty when it results in continued harm to the

20  child. *(Landeros v. Flood (1976) 17 Cal.3d 399, 410–412 [recognizing tort duty for failure to report*

21  *child abuse].)* Public-entity liability arises under Government Code § 815.2 for the negligent acts and

22  omissions of mandated-reporter employees acting within the course and scope of employment.

23      47.    DOES 1–25 received complaints and information that LEWIS engaged in

24  inappropriate physical contact and sexually harassing conduct toward M.O. and other students,

25  triggering a duty to report.

26      48.    DOES 1–25 failed to make the required reports in a timely manner or at all, thereby

27  violating Penal Code section 11166 and breaching their duty of care to Plaintiff. The individual

28  employees who failed to report were acting within the scope of employment but are not immune

                                        - 9 -

1  under Government Code § 820.8; FUSD is vicariously liable under § 815.2.

2      49.    The failure to report allowed the misconduct to continue and was a substantial factor

3  in causing Plaintiff's injuries and damages. Under Government Code section 815.2, FUSD is

4  vicariously liable for the negligent failures of its employees acting within the course and scope of

5  employment.

6                                              **XI.**

7                                  **SIXTH CAUSE OF ACTION**

8                                  **TITLE IX SEX DISCRIMINATION**

9                          **(20 U.S.C. § 1681 et seq.; 34 C.F.R. Part 106)**

10      *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

11                            *through 50, inclusive, and each of them)*

12      50.    Plaintiff re-alleges and herein incorporates by reference each and every allegation and

13  statement contained in paragraphs 1 through 49 above as though fully set forth herein.

14      51.    Defendant Fresno Unified School District ("FUSD") receives federal financial

15  assistance and is therefore subject to Title IX of the Education Amendments of 1972 (20 U.S.C. §

16  1681 et seq.) and its implementing regulations, 34 C.F.R. Part 106. Title IX provides that *"No person*

17  *in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits*

18  *of, or be subjected to discrimination under any education program or activity receiving Federal*

19  *financial assistance."*

20      52.    At all relevant times, Plaintiff was a participant in educational programs and athletic

21  activities operated and controlled by FUSD, including the Fresno High School girls' softball program.

22  FUSD exercised substantial control over the educational environment and over the individual who

23  harassed Plaintiff, volunteer coach LEWIS.

24      53.    While acting as a volunteer coach, LEWIS—a convicted felon and registered sex

25  offender—engaged in unwelcome and inappropriate physical contact and sexually harassing conduct

26  toward Plaintiff on multiple occasions. This conduct was sufficiently severe, pervasive, and

27  objectively offensive that it deprived Plaintiff of equal access to the educational opportunities,

28  benefits, and services provided by FUSD.

- 10 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

54.    Plaintiff and others repeatedly reported LEWIS' conduct and criminal background to FUSD administrators, coaches, and supervisory staff. These officials had actual notice of the sexual harassment and of LEWIS' status as a registered sex offender but failed to take any prompt, effective, or reasonable action to investigate, discipline, restrict, or remove him from contact with students.

55.    FUSD's response to the known sexual harassment and safety risk constituted deliberate indifference under Title IX. FUSD's inaction was clearly unreasonable in light of the known circumstances, and its failure to act affirmatively enabled the harassment to continue and caused further harm to Plaintiff. FUSD's deliberate indifference to known acts of sexual harassment by a person subject to its control constitutes intentional discrimination in violation of Title IX. (*Davis v. Monroe County Bd. of Ed.* (1999) 526 U.S. 629, 650–651.)

56.    As a direct and proximate result of Defendant's deliberate indifference and failure to comply with Title IX obligations, Plaintiff suffered and continues to suffer severe emotional distress, humiliation, loss of educational benefits, interference with her athletic participation, psychological trauma, and related damages according to proof at trial.

57.    Pursuant to 20 U.S.C. § 1681 et seq., 34 C.F.R. § 106.31, and 42 U.S.C. § 1988, Plaintiff seeks compensatory damages, attorney's fees, and costs of suit.

58.    Defendant's actions and omissions were willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, thereby justifying an award of attorney's fees and other appropriate equitable and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    General damages in an amount according to proof;

2.    Special damages, including medical and psychological expenses, according to proof;

3.    Statutory damages, civil penalties, and attorney's fees where authorized by law;

4.    Prejudgment interest as permitted by law;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

**Plaintiff hereby demands a trial by jury on all issues so triable.**

2

3  Date: October 29, 2025                    **THE BARRETT LAWYERS APC**

4

5                                         BY: _____

6                                         JOSEPH M. BARRETT
                                          Attorneys for Plaintiff M.O.

7

8                                         Co-counsel for Plaintiff M.O. with
9                                         **TRYK LAW**

10

11                                        BY: _____

12                                        BENJAMIN P. TRYK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# EXHIBIT  B

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Benjamin Tryk, Esq. \| SBN: 253299<br>Tryk Law<br>575 East Locust Avenue, Suite 308  Fresno, CA 93720<br>TELEPHONE NO.: (559) 840-3240 \| FAX NO. (888) 528-5570<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: Plaintiff: M.O., a minor at the time of events | E-FILED<br>1/14/2026 2:44 PM<br>Superior Court of California<br>County of Fresno<br>By: Joshua Corley, Deputy |

**Superior Court of California, County of Fresno**

STREET ADDRESS: 1130 "O" STREET

MAILING ADDRESS:

CITY AND ZIP CODE: FRESNO, CA 93721

BRANCH NAME: Unlimited

| | |
|---|---|
| PLAINTIFF: M.O., a minor at the time of events | CASE NUMBER: |
| DEFENDANT: FRESNO UNIFIED SCHOOL DISTRICT, a public entity; et al. | 25CECG05465 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other: **Notice of Case Management Conference and Assignment of Judge For All Purposes**
3. a. Party served:
   **FRESNO UNIFIED SCHOOL DISTRICT, a public entity**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **KATHY ALMIEDA - ADMINISTRATIVE CLERK**
4. Address where the party was served: **2309 TULARE ST.**
   **FRESNO, CA 93721**
5. I served the party
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **1/13/2026**  (2) at *(time):* **11:09 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/E499666** |

PETITIONER: M.O., a minor at the time of events

RESPONDENT: FRESNO UNIFIED SCHOOL DISTRICT, a public entity; et al.

CASE NUMBER:

Case 1:26-cv-01234-SAB    Document 1    Filed 02/11/26    Page 20 of 49
25CECG05465

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                 (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **FRESNO UNIFIED SCHOOL DISTRICT, a public entity**
     under the following Code of Civil Procedure section:

     ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
     ☑ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
     ☑ 416.50 (public entity)             ☐ 415.46 (occupant)
                                ☐ other:

7. **Person who served papers**
  a. Name: **Joseph Cassinerio, II - Eddings Attorney Support Services, Inc.**
  b. Address: **1099 East Champlain Dr., Suite A-102  Fresno, CA 93720**
  c. Telephone number: **(559) 222-2274**
  d. **The fee** for service was: **$ 69.50**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
       (i) ☐ owner  ☑ employee     ☐ independent contractor.
       (ii) Registration No.: **S-238**
       (iii) County: **FRESNO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

   Date: **1/14/2026**

   **Eddings Attorney Support Services, Inc.**
   **1099 East Champlain Dr., Suite A-102**
   **Fresno, CA 93720**
   **(559) 222-2274**
   **www.Eddings-Online.com**

         **Joseph Cassinerio, II**          ▶
     (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

# EXHIBIT  C

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 143974 | FOR COURT USE ONLY |
|---|---|---|

NAME: Joe Barrett, Esq.
FIRM NAME: The Barrett Lawyers APC
STREET ADDRESS: 845 Avenue B
CITY: Redondo Beach     STATE: CA     ZIP CODE: 90277
TELEPHONE NO.: (310) 944-5236     FAX NO.: (888) 528-5570
EMAIL ADDRESS: jmb@thebarrettlawyers.com
ATTORNEY FOR (name): Plaintiff M.O.

E-FILED
12/16/2025 3:55 PM
Superior Court of California
County of Fresno
By: Edith Bidegain, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 "O" STREET
MAILING ADDRESS:
CITY AND ZIP CODE: FRESNO CA 93720
BRANCH NAME:

PLAINTIFF/PETITIONER: M.O.
DEFENDANT/RESPONDENT: FRESNO UNIFIED SCHOOL DISTRICT

| REQUEST FOR DISMISSAL | CASE NUMBER: 25CECG05465 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice  (3) ☐ Without prejudice and with the court retaining jurisdiction (Code Civ. Proc., § 664.6)
   b. (1) ☒ Complaint  (2) ☐ Petition
      (3) ☐ Cross-complaint filed on (date):     by (name):
      (4) ☐ Cross-complaint filed on (date):     by (name):
      (5) ☒ Entire action of all parties and all causes of action
      (6) ☒ Other (specify)*: AS TO DEFENDANT DUSTY LEWIS ONLY

2. (Complete in all cases except family law cases.)
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)

Date: December 10, 2025

Joseph Barrett, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)
Attorney or party without attorney for
☒ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.†
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

† If a cross-complaint—or Response—Marriage/Domestic Partnership (form FL-120) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

(SIGNATURE)
Attorney or party without attorney for
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

☐ Check here and use form MC-025 or a separate page for additional signatures. Include date, printed name, and party information.

4. ☐ Dismissal entered as requested on (date):
5. ☒ Dismissal entered on (date): 12/16/2025  as to only (name): Defendant Dusty Lewis
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Date: 12/22/2025     Clerk, by E. Bidegain , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2025]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Government Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Page 1 of 2

CIV-110

| PLAINTIFF/PETITIONER: MIA OLGIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FRESNO UNIFIED SCHOOL DIST. | 25CECG05465 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below)*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

# EXHIBIT  D

## Case Information

25CECG05465 | M. O. vs. Fresno Unified School District , a Public Entity

| Case Number | Court | Judicial Officer |
|---|---|---|
| 25CECG05465 | Civil | Culver Kapetan, Kristi |
| File Date | Case Type | Case Status |
| 11/20/2025 | 23 Unlimited - Other PI/PD/WD | Open |

## Party

Plaintiff
O., M.

Active Attorneys ▾
Lead Attorney
Tryk, Benjamin P.
Retained

Defendant
Fresno Unified School District , a Public Entity

Defendant
Lewis, Dusty William

## Disposition Events

12/16/2025 Judgment ▾

12/16/25 Request for Dismissal

Judicial Officer
Culver Kapetan, Kristi

Judgment of
Dismissal of Party

Party

    Name: Lewis, Dusty William

    Comment: Without Prejudice

## Events and Hearings

11/20/2025 Civil case cover sheet ▾

11/20/2025 Civil Case Cover Sheet

11/20/2025 Civil Complaint filed ▾

11/20/2025 Complaint

12/06/2025 Notice of Hearing ▾

12/6/2025 CV-48 Notice of Case Management Conference and Assignment of Judge for All Purposes

Comment
Notice of CMC and assignment of judge for all purposes

12/16/2025 Request for Dismissal Received - Pending Review ▾

12/16/25 Request for Dismissal

01/08/2026 Summons issued and filed ▾

01/08/26 Summons

01/14/2026 Proof of Service ▾

01/14/2026 - Proof of Service of Summons (FUSD)

01/14/2026 Summons and Complaint ▾

Served
01/13/2026

04/01/2026 Case Management Conference ▾

Judicial Officer
**Diaz, Maria G**

Hearing Time
**3:00 PM**

## Financial

O., M.

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $435.00 |
| | Total Payments and Credits | | | $435.00 |
| 12/5/2025 | Transaction Assessment | | | $435.00 |
| 12/5/2025 | EFile Payment | Receipt # WEB-2025-106341 | O., M. | ($435.00) |

## Documents

11/20/2025 Civil Case Cover Sheet

11/20/2025 Complaint

12/6/2025 CV-48 Notice of Case Management Conference and Assignment of Judge for All Purposes

12/16/25 Request for Dismissal

01/08/26 Summons

01/14/2026 - Proof of Service of Summons (FUSD)

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Benjamin Tryk, Esq. (253299)
575 N. Locust Avenue, Suite 308, Fresno CA 93721

TELEPHONE NO.: (559) 840-3240    FAX NO.: (888) 528-5570
EMAIL ADDRESS: ben@tryklaw.com
ATTORNEY FOR *(Name)*: Plaintiff M.O., a minor at the time of events

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 "O" STREET
MAILING ADDRESS:
CITY AND ZIP CODE: FRESNO CA 93721
BRANCH NAME:

*FOR COURT USE ONLY*

E-FILED
11/20/2025 10:18 AM
Superior Court of California
County of Fresno
By: Emma Lucio, Deputy

CASE NAME:
M.O. vs. FRESNO UNIFIED SCHOOL DISTRICT

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 25CECG05465 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 31 2025
Benjamin Tryk, Esq.
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Joseph M. Barrett, Esq. State Bar № 143974
jmb@thebarrettlawyers.com
**The Barrett Lawyers APC**
845 Avenue B
Redondo Beach, CA 90277
Telephone: (310) 944-5236

Benjamin P. Tryk, Esq. State Bar № 253299
ben@tryklaw.com
**Tryk Law**
575 E. Locust Avenue, Suite 308
Fresno, CA 93720
Telephone: (559) 840-3240

*Attorneys for Plaintiff M.O.*

E-FILED
11/20/2025 10:18 AM
Superior Court of California
County of Fresno
By: Emma Lucio, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF FRESNO

| | |
|---|---|
| M.O., a minor at the time of events, <br><br> Plaintiff, <br><br> vs. <br><br> FRESNO UNIFIED SCHOOL DISTRICT, a public entity; DUSTY WILLIAM LEWIS, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No: 25CECG05465 <br><br> **COMPLAINT FOR DAMAGES** <br><br> *Unlimited Civil Case* <br><br> 1. **NEGLIGENT HIRING, RETENTION, AND SUPERVISION (Gov. Code § 815.2)** <br><br> 2. **NEGLIGENCE – FAILURE TO PROTECT & SUPERVISE STUDENTS (Gov. Code § 815.2, Education Code § 44807)** <br><br> 3. **SEXUAL HARRASSMENT IN EDUCATION (Education Code § 220)** <br><br> 4. **NEGLIGENCE PER SE (Gov. Code § 815.6, Ed. Code §§ 35021, 44830.1, 45125.1)** <br><br> 5. **NEGLIGENT FAILURE TO REPORT CHILD ABUSE (Gov. Code § 815.2, PENAL CODE § 11166)** <br><br> 6. **TITLE IX SEX DISCRIMINATION (20 U.S.C. § 1681 et seq.; 34 C.F.R. Part 106)** <br><br> **DEMAND FOR JURY TRIAL** |

- 1 -

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff M.O. ("Plaintiff"), by and through her attorneys of record, against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; DUSTY WILLIAM LEWIS ("LEWIS"), an individual; and DOES 1 through 50, inclusive, and each of them, and complains and alleges as follows:

## I.

## **INTRODUCTION**

1.     This action arises from Defendants' systemic negligence and deliberate indifference that enabled a registered sex offender, LEWIS, to access and harass a minor student-athlete, M.O., within Fresno Unified School District's girls' softball program at Fresno High School.

2.     Despite mandatory screening laws, readily available public criminal records, and repeated complaints by students and parents, Defendants failed to screen, supervise, investigate, restrict, or remove LEWIS, thereby exposing M.O. to foreseeable harm in a school environment where she was entitled to be safe.

3.     As a direct and proximate result, M.O. suffered unwanted physical contact, sexual harassment, severe emotional distress, and disruption of her education and athletic participation.

## II.

## **JURISDICTION AND VENUE**

4.     This Court has jurisdiction because the claims arise under California law and occurred in Fresno County, California.

5.     Venue is proper in this Court under Code of Civil Procedure §§ 395 and 393 because the acts and omissions complained of occurred in Fresno County and Defendants operate therein.

## III.

## **PARTIES**

6.     Plaintiff M.O. was, at all relevant times, a minor female student enrolled at Fresno High School and a member of the girls' softball team. She is now an adult residing in Fresno County.

7.     Defendant Fresno Unified School District ("FUSD") is a California public entity responsible for the operation and supervision of Fresno High School and its athletic programs, agents, and volunteers. Defendant Fresno High School is a public secondary school operated by FUSD.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

8.    Defendant DUSTY WILLIAM LEWIS ("LEWIS") is an adult individual who, at all relevant times, acted as a volunteer coach for the Fresno High School girls' softball team. LEWIS is a registered sex offender under Penal Code § 290.

9.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1–50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by their acts and/or omissions. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10.    DOES 1–25 were administrators, employees, and/or agents of FUSD and Fresno High School who participated in or were responsible for screening, supervising, and protecting students in the girls' softball program.

12.    DOES 26–50 include any school-affiliated or supporting entity, booster club, foundation, or third party involved in operating, funding, supervising, or staffing the girls' softball program, fundraising events, or related activities.

**IV.**

**GENERAL ALLEGATIONS**

13.    Defendants permitted LEWIS to act as a volunteer coach with direct and repeated access to minor female athletes, including M.O., during practices, games, and team activities on and off campus during M.O.'s senior year at Fresno High School.

14.    California law requires background checks and fingerprint clearance for school volunteers and those with contact with students. Notwithstanding these mandates, Defendants failed to conduct or enforce required screening for LEWIS before allowing him to coach and physically interact with students.

15.    LEWIS's criminal history, including violent felony and sexual-offense convictions, was publicly available on California's Megan's Law website and readily discoverable with minimal diligence.

16.    During practices and games, LEWIS engaged in unwanted and inappropriate physical

- 3 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   contact with M.O., including grabbing, repositioning, and touching her body under the guise of

2   athletic instruction, causing fear, humiliation, and emotional harm.

3       17.    Students and parents complained to coaches and administrators about LEWIS's

4   harassing and unwanted sexual conduct and about his criminal background. Defendants received

5   actual and constructive notice of the risk he posed to students, including M.O.

6       18.    Despite notice, Defendants failed to investigate, restrict, supervise, or remove LEWIS,

7   and continued to provide him access to the girls' softball team.

8       19.    Defendants' omissions created and maintained a hostile and unsafe environment that

9   foreseeably caused harm to M.O. and deprived her of equal participation in school programs and

10  benefits.

11      20.    As a direct and proximate result of Defendants' conduct, M.O. suffered severe

12  emotional distress, psychological trauma, loss of trust in school officials, educational disruption, and

13  impairment of her athletic pursuits, necessitating counseling and related care.

14                                       **V.**

15                       **GOVERNMENT CLAIM COMPLIANCE**

16      21.    On or about August 26, 2025, Plaintiff, through counsel, timely presented a written

17  Government Claim to FUSD pursuant to Government Code § 910 et seq.

18      22.    On or about October 8, 2025 the Government Claim was formally denied by FUSD,

19  thereby satisfying the conditions precedent to filing this civil action under Government Code §§ 945.4

20  and 950.2.

21                                      **VI.**

22                             **FIRST CAUSE OF ACTION**

23   **NEGLIGENT HIRING, RETENTION, AND SUPERVISION (Gov. Code § 815.2)**

24   *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

25                   *through 50, inclusive, and each of them)*

26      23.    Plaintiffs re-allege and herein incorporate by reference each and every allegation and

27  statement contained in paragraphs 1 through 22 above as though fully set forth herein.

28      24.    Plaintiff alleges that DOES 1–50, inclusive, were employees of FUSD responsible for

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1 hiring, screening, and supervising volunteers. These employees negligently hired, retained, and
2 supervised LEWIS, whose unfitness and criminal history were known or reasonably discoverable.
3 Their negligence was a substantial factor in causing Plaintiff's injuries.

4      25.    Pursuant to Government Code § 815.2, FUSD is vicariously liable for the negligence
5 of its employees committed within the course and scope of their employment. Plaintiff does not allege
6 direct common-law liability against FUSD, but seeks recovery pursuant to Government Code § 815.2
7 for the negligence of its supervisory employees acting within the scope of their employment.
8 California courts recognize such vicarious liability under Government Code § 815.2 for negligence
9 of supervisory or administrative employees who fail to protect students from foreseeable misconduct.
10 School personnel owe students under their supervision a protective duty of ordinary care, for breach
11 of which the school district may be held vicariously liable. (*C.A. v. William S. Hart Union High Sch.*
12 *Dist.* (2012) 53 Cal.4th 861, 879 [school district vicariously liable under Government Code § 815.2
13 for administrators' negligent supervision of employee who abused student].) Defendants knew or, in
14 the exercise of ordinary care, should have known of LEWIS' unfitness, making the harm to students
15 reasonably foreseeable.

16      26.    Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,
17 inclusive, and each of them, owed a duty of reasonable care to students, including M.O., to select,
18 screen, train, and supervise employees, agents, and volunteers with access to students, and to remove
19 unfit persons from contact with students.

20      27.    Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,
21 inclusive, and each of them, breached this duty of reasonable care to students, including M.O., by
22 allowing LEWIS to volunteer without performing mandatory background and fingerprint checks, by
23 failing to review readily available criminal history, and by failing to supervise or restrict his access
24 to minor athletes.

25      28.    Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,
26 inclusive, and each of them, further breached their duty of reasonable care to students, including
27 M.O., by ignoring complaints and warnings about LEWIS' conduct and criminal status, and by failing
28 to implement basic safeguards such as visible supervision, no-contact coaching rules, and reporting

1 | protocols.

2 |    29. Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

3 | inclusive, and each of them, negligently hired, retained, and supervised LEWIS and thus each were

4 | substantial factors in enabling LEWIS' access and misconduct and in causing Plaintiff's injuries and

5 | damages. Each of these employees owed Plaintiff a duty within the scope of their employment,

6 | making FUSD vicariously liable under Government Code § 815.2(a).

7 | **VII.**

8 | **SECOND CAUSE OF ACTION**

9 | **NEGLIGENCE – FAILURE TO PROTECT & SUPERVISE STUDENTS**

10 | **(Gov. Code § 815.2, Education Code § 44807)**

11 | ***(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1***

12 | ***through 50, inclusive, and each of them)***

13 |    30. Plaintiff re-alleges and herein incorporates by reference each and every allegation and

14 | statement contained in paragraphs 1 through 29 above as though fully set forth herein.

15 |    31. A special relationship existed between Defendants and Plaintiff as a minor under their

16 | care, giving rise to a duty—codified in Education Code § 44807 and recognized in *Dailey v. Los*

17 | *Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747—to exercise ordinary care in supervising and

18 | protecting students from foreseeable harm, including misconduct by volunteers or third parties.

19 |    32. Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

20 | inclusive, and each of them, breached this duty to use reasonable care to protect her from foreseeable

21 | harm, including misconduct by third parties and volunteers by failing to supervise practices and

22 | games adequately, failing to investigate complaints, failing to restrict or remove LEWIS after notice,

23 | and failing to implement reasonable protective measures despite foreseeable risk.

24 |    33. Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

25 | inclusive, and each of them, failed to protect and supervise which was a substantial factor in causing

26 | Plaintiff's injuries and damages, including emotional and psychological harm and interference with

27 | her education and athletics.

28 |    34. Under Government Code section 815.2, FUSD is vicariously liable for the negligence

- 6 -
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    of its employees and administrators acting within the course and scope of their employment.

2                                        **VIII.**

3                            **THIRD CAUSE OF ACTION**

4                    **SEXUAL HARRASSMENT IN EDUCATION**

5                            **(Education Code § 220)**

6    *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

7                    *through 50, inclusive, and each of them)*

8           35.    Plaintiff re-alleges and herein incorporates by reference each and every allegation and

9    statement contained in paragraphs 1 through 38 above as though fully set forth herein.

10          36.    This claim is authorized directly by statute under Education Code § 220 and Cal.

11   Code Regs., tit. 5, § 4910 et seq., which provide a private right of action for sex-based harassment

12   and deliberate indifference by educational institutions receiving state financial assistance. FUSD and

13   Fresno High School receive state financial assistance and are subject to the California Sex Equity in

14   Education Act (Education Code sections 200–220). This claim is distinct from negligence and arises

15   from a direct statutory duty under the California Sex Equity in Education Act, creating independent

16   liability notwithstanding Gov. Code § 815(a). California courts, including *Donovan v. Poway*

17   *Unified Sch. Dist.* (2008) 167 Cal.App.4th 567, 579–580, recognize a private right of action under

18   Education Code § 220 for student victims of sex-based harassment.

19          37.    Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

20   inclusive, and each of them, had a duty to maintain an educational environment free from sexual

21   harassment, including conduct of a sexual nature that has the purpose or effect of creating a hostile,

22   intimidating, or abusive environment that interferes with a student's participation in or benefit from

23   school programs and activities.

24          38.    By permitting LEWIS—a registered sex offender—to have unsupervised access to

25   M.O. and other female athletes, and by allowing unwanted physical contact and sexually harassing

26   behavior to continue after notice, Defendants created and maintained a hostile educational

27   environment.

28          39.    Plaintiff and others made complaints to administrators and staff; Defendants

                    **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50, inclusive, and each of them, had

2  actual knowledge yet acted with deliberate indifference by failing to investigate, discipline, restrict,

3  or remove LEWIS, thereby denying Plaintiff equal access to educational opportunities and benefits.

4        40.    As a direct and proximate result, Plaintiff suffered emotional distress, humiliation,

5  and educational disruption and was deprived of a safe, nondiscriminatory learning environment. This

6  statutory claim provides an independent remedy separate from negligence, consistent with Education

7  Code § 201(g) and California's public-policy commitment to educational equity. These acts and

8  omissions constitute sex-based discrimination prohibited by Education Code § 220 and Cal. Code

9  Regs., tit. 5, § 4910(j), entitling Plaintiff to all remedies available under California law.

10                                  **IX.**

11                 **FOURTH CAUSE OF ACTION**

12                     **NEGLIGENCE PER SE**

13     **(Gov. Code § 815.6, Ed. Code §§ 35021, 44830.1, 45125.1)**

14  *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*

15  *through 50, inclusive, and each of them)*

16        41.    Plaintiff re-alleges and herein incorporates by reference each and every allegation and

17  statement contained in paragraphs 1 through 40 above as though fully set forth herein.

18        42.    Under Gov. Code § 815.6, liability arises where (1) a statute imposes a mandatory

19  duty on a public entity, (2) the duty is intended to protect against the kind of injury suffered, and (3)

20  the breach proximately causes the injury. Each element is met here. Defendants were under a

21  mandatory duty imposed by statute; the statutes were intended to protect a defined class of persons

22  including Plaintiff; and the injuries suffered were of the kind the enactments were designed to prevent.

23  Education Code §§ 35021, 44830.1, and 45125.1 impose a mandatory duty upon school districts to

24  require fingerprinting and DOJ clearance for all employees and volunteers with student contact.

25  Defendants failed to discharge this mandatory duty. FUSD is directly liable for failure to discharge

26  this mandatory duty. (*Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 498–499).

27        43.    Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1 through 50,

28  inclusive, and each of them, denied Plaintiff equal benefits and protections in educational and athletic

1 | programs by permitting sex based harassment and by failing to protect her on the basis of sex.

2 | 44.    The conduct of Defendants FRESNO UNIFIED SCHOOL DISTRICT and DOES 1
3 | through 50, inclusive, and each of them, was a substantial factor in causing Plaintiff's damages.
4 | Plaintiff seeks compensatory and statutory relief, including attorney's fees and civil penalties where
5 | authorized. FUSD's violation of these statutory safeguards proximately caused the injuries Education
6 | Code §§ 35021 et seq. were designed to prevent — student harm by unvetted adults.

7 | **X.**

8 | **FIFTH CAUSE OF ACTION**

9 | **NEGLIGENT FAILURE TO REPORT CHILD ABUSE**

10 | **(Gov. Code § 815.2, PENAL CODE § 11166)**

11 | *(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1*
12 | *through 50, inclusive, and each of them)*

13 | 45.    Plaintiff re-alleges and herein incorporates by reference each and every allegation and
14 | statement contained in paragraphs 1 through 44 above as though fully set forth herein.

15 | 46.    At all relevant times, DOES 1–25 were mandated reporters under the Child Abuse and
16 | Neglect Reporting Act and were required to report known or reasonably suspected child abuse,
17 | including sexual abuse and unlawful touching of students, to law enforcement or child protective
18 | services. This duty is non-discretionary and arises from statute; negligent violation of Penal Code §
19 | 11166 constitutes actionable breach of a mandatory duty when it results in continued harm to the
20 | child. *(Landeros v. Flood (1976) 17 Cal.3d 399, 410–412 [recognizing tort duty for failure to report*
21 | *child abuse].)* Public-entity liability arises under Government Code § 815.2 for the negligent acts and
22 | omissions of mandated-reporter employees acting within the course and scope of employment.

23 | 47.    DOES 1–25 received complaints and information that LEWIS engaged in
24 | inappropriate physical contact and sexually harassing conduct toward M.O. and other students,
25 | triggering a duty to report.

26 | 48.    DOES 1–25 failed to make the required reports in a timely manner or at all, thereby
27 | violating Penal Code section 11166 and breaching their duty of care to Plaintiff. The individual
28 | employees who failed to report were acting within the scope of employment but are not immune

1 | under Government Code § 820.8; FUSD is vicariously liable under § 815.2.

2 |     49.    The failure to report allowed the misconduct to continue and was a substantial factor

3 | in causing Plaintiff's injuries and damages. Under Government Code section 815.2, FUSD is

4 | vicariously liable for the negligent failures of its employees acting within the course and scope of

5 | employment.

6 | **XI.**

7 | **SIXTH CAUSE OF ACTION**

8 | **TITLE IX SEX DISCRIMINATION**

9 | **(20 U.S.C. § 1681 et seq.; 34 C.F.R. Part 106)**

10 | ***(Against Defendants FRESNO UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1***

11 | ***through 50, inclusive, and each of them)***

12 |     50.    Plaintiff re-alleges and herein incorporates by reference each and every allegation and

13 | statement contained in paragraphs 1 through 49 above as though fully set forth herein.

14 |     51.    Defendant Fresno Unified School District ("FUSD") receives federal financial

15 | assistance and is therefore subject to Title IX of the Education Amendments of 1972 (20 U.S.C. §

16 | 1681 et seq.) and its implementing regulations, 34 C.F.R. Part 106. Title IX provides that *"No person*

17 | *in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits*

18 | *of, or be subjected to discrimination under any education program or activity receiving Federal*

19 | *financial assistance."*

20 |     52.    At all relevant times, Plaintiff was a participant in educational programs and athletic

21 | activities operated and controlled by FUSD, including the Fresno High School girls' softball program.

22 | FUSD exercised substantial control over the educational environment and over the individual who

23 | harassed Plaintiff, volunteer coach LEWIS.

24 |     53.    While acting as a volunteer coach, LEWIS—a convicted felon and registered sex

25 | offender—engaged in unwelcome and inappropriate physical contact and sexually harassing conduct

26 | toward Plaintiff on multiple occasions. This conduct was sufficiently severe, pervasive, and

27 | objectively offensive that it deprived Plaintiff of equal access to the educational opportunities,

28 | benefits, and services provided by FUSD.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

54.   Plaintiff and others repeatedly reported LEWIS' conduct and criminal background to FUSD administrators, coaches, and supervisory staff. These officials had actual notice of the sexual harassment and of LEWIS' status as a registered sex offender but failed to take any prompt, effective, or reasonable action to investigate, discipline, restrict, or remove him from contact with students.

55.   FUSD's response to the known sexual harassment and safety risk constituted deliberate indifference under Title IX. FUSD's inaction was clearly unreasonable in light of the known circumstances, and its failure to act affirmatively enabled the harassment to continue and caused further harm to Plaintiff. FUSD's deliberate indifference to known acts of sexual harassment by a person subject to its control constitutes intentional discrimination in violation of Title IX. (*Davis v. Monroe County Bd. of Ed.* (1999) 526 U.S. 629, 650–651.)

56.   As a direct and proximate result of Defendant's deliberate indifference and failure to comply with Title IX obligations, Plaintiff suffered and continues to suffer severe emotional distress, humiliation, loss of educational benefits, interference with her athletic participation, psychological trauma, and related damages according to proof at trial.

57.   Pursuant to 20 U.S.C. § 1681 et seq., 34 C.F.R. § 106.31, and 42 U.S.C. § 1988, Plaintiff seeks compensatory damages, attorney's fees, and costs of suit.

58.   Defendant's actions and omissions were willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, thereby justifying an award of attorney's fees and other appropriate equitable and declaratory relief.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   General damages in an amount according to proof;

2.   Special damages, including medical and psychological expenses, according to proof;

3.   Statutory damages, civil penalties, and attorney's fees where authorized by law;

4.   Prejudgment interest as permitted by law;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the Court deems just and proper.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1

**Plaintiff hereby demands a trial by jury on all issues so triable.**

2

3    Date: October 29, 2025                              **THE BARRETT LAWYERS APC**

4

5                                                 BY: _____

6                                                      JOSEPH M. BARRETT
                                                      Attorneys for Plaintiff M.O.
7

8                                                 Co-counsel for Plaintiff M.O. with
9                                                 **TRYK LAW**

10

11                                                BY: _____
                                                      BENJAMIN P. TRYK
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Civil Unlimited Department,** Central Division<br>**1130 O Street**<br>**Fresno, California 93721**<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>12/6/2025 |
|---|---|
| TITLE OF CASE:<br><br>**M. O. vs. Fresno Unified School District , a Public Entity** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**25CECG05465** |

**To All Parties and their Attorneys of Record:**

> **Benjamin P. Tryk**
> **Tryk Law**
> **575 E. Locust Avenue, Suite 308**
> **Fresno CA 93720**

> This case has been assigned to **Kristi Culver Kapetan,** Judge for **all purposes**.
> All future hearings will be scheduled before this assigned judge, in **Department 502**

You are required to appear at a Case Management Conference on **04/01/2026** at **3:00 PM** in **Department 97E** of the Court located at **2317 Tuolumne Street, Fresno, California.**

You must comply with the requirements set forth in Chapter 2 of the Superior Court of Fresno County, Local Rules. You must file a Case Management Conference Statement at least 15 calendar days before the conference (Cal. Rules of Court, rule 3.725(a).)

Failure to appear at the conference or to comply with these rules may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you.
If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

**An Order Regarding Remote Appearance (RA-020) is not required for Case Management Conferences unless so ordered by the court. For any other appearances, a party must submit a request for remote appearance to be reviewed.**

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: __12/6/2025_____    Clerk, by    __Emma Lucio_____ , Deputy

---

CV-48  R06-25          **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT**
OPTIONAL                    **OF JUDGE FOR ALL PURPOSES**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 143974 | FOR COURT USE ONLY |
|---|---|---|

NAME: Joe Barrett, Esq.
FIRM NAME: The Barrett Lawyers APC
STREET ADDRESS: 845 Avenue B
CITY: Redondo Beach   STATE: CA   ZIP CODE: 90277
TELEPHONE NO.: (310) 944-5236   FAX NO.: (888) 528-5570
EMAIL ADDRESS: jmb@thebarrettlawyers.com
ATTORNEY FOR (name): Plaintiff M.O.

E-FILED
12/16/2025 3:55 PM
Superior Court of California
County of Fresno
By: Edith Bidegain, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 "O" STREET
MAILING ADDRESS:
CITY AND ZIP CODE: FRESNO CA 93720
BRANCH NAME:

PLAINTIFF/PETITIONER: M.O.

DEFENDANT/RESPONDENT: FRESNO UNIFIED SCHOOL DISTRICT

| REQUEST FOR DISMISSAL | CASE NUMBER: 25CECG05465 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice  (3) ☐ Without prejudice and with the court retaining jurisdiction (Code Civ. Proc., § 664.6)
   b. (1) ☒ Complaint  (2) ☐ Petition
     (3) ☐ Cross-complaint filed on (date):    by (name):
     (4) ☐ Cross-complaint filed on (date):    by (name):
     (5) ☒ Entire action of all parties and all causes of action
     (6) ☒ Other (specify)*: AS TO DEFENDANT DUSTY LEWIS ONLY

2. (Complete in all cases except family law cases.)
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)

Date: December 10, 2025

Joseph Barrett, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)
Attorney or party without attorney for
☒ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.†
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

† If a cross-complaint—or Response—Marriage/Domestic Partnership (form FL-120) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

(SIGNATURE)
Attorney or party without attorney for
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

☐ Check here and use form MC-025 or a separate page for additional signatures. Include date, printed name, and party information.

4. ☐ Dismissal entered as requested on (date):
5. ☒ Dismissal entered on (date): 12/16/2025 as to only (name): Defendant Dusty Lewis
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
     ☐ a copy to be conformed  ☐ means to return conformed copy

Date: 12/22/2025    Clerk, by E. Bidegain  , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2025]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.;
Government Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Page 1 of 2

**CIV-110**

| PLAINTIFF/PETITIONER: MIA OLGIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FRESNO UNIFIED SCHOOL DIST. | 25CECG05465 |

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below)*

    a. ☐ not recovering anything of value by this action.

    b. ☐ recovering less than $10,000 in value by this action.

    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____       _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)       (SIGNATURE)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FRESNO UNIFIED SCHOOL DISTRICT, a public entity; DUSTY
WILLIAM LEWIS, an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

M.O., a minor at the time of events

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
1/8/2026
Superior Court of California
County of Fresno
By: A. Hoffman, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California

COUNTY OF FRESNO
1130 "O" STREET

</td><td>

CASE NUMBER:
*(Número del Caso):*

25CECG05465

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Benjamin Tryk, Esq., TRYK LAW, 575 E. Locust Avenue, Suite 308, Fresno CA 93721    (559) 840-3240

| DATE: *(Fecha)* 1/8/2026 | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* A. Hoffman |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Benjamin Tryk, Esq. I SBN: 253299<br>Tryk Law<br>575 East Locust Avenue, Suite 308  Fresno, CA 93720<br>TELEPHONE NO.: (559) 840-3240 I FAX NO. (888) 528-5570<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Plaintiff: M.O., a minor at the time of events | E-FILED<br>1/14/2026 2:44 PM<br>Superior Court of California<br>County of Fresno<br>By: Joshua Corley, Deputy |

| Superior Court of California, County of Fresno | |
|---|---|
| STREET ADDRESS: 1130 "O" STREET | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: FRESNO, CA 93721 | |
| BRANCH NAME: Unlimited | |

| PLAINTIFF: M.O., a minor at the time of events | CASE NUMBER: |
|---|---|
| DEFENDANT: FRESNO UNIFIED SCHOOL DISTRICT, a public entity; et al. | 25CECG05465 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other: **Notice of Case Management Conference and Assignment of Judge For All Purposes**

3. a. Party served:
   **FRESNO UNIFIED SCHOOL DISTRICT, a public entity**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **KATHY ALMIEDA - ADMINISTRATIVE CLERK**

4. Address where the party was served: **2309 TULARE ST.**
   **FRESNO, CA 93721**

5. I served the party
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **1/13/2026**    (2) at *(time):* **11:09 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>**POS010-1/E499666** |
|---|---|---|

PETITIONER: M.O., a minor at the time of events

RESPONDENT: FRESNO UNIFIED SCHOOL DISTRICT, a public entity; et al.

CASE NUMBER:

Case 1:26-cv-01234-SAB    Document 1    Filed 02/11/26    Page 47 of 49
25CE CG05465

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*         (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **FRESNO UNIFIED SCHOOL DISTRICT, a public entity**
   under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
   ☑ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
   ☑ 416.50 (public entity)        ☐ 415.46 (occupant)
                       ☐ other:

7. **Person who served papers**

a. Name: **Joseph Cassinerio, II - Eddings Attorney Support Services, Inc.**

b. Address: **1099 East Champlain Dr., Suite A-102  Fresno, CA 93720**

c. Telephone number: **(559) 222-2274**

d. **The fee** for service was: **$ 69.50**

e. I am:

   (1) ☐ not a registered California process server.

   (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☑ registered California process server:
     (i) ☐ owner ☑ employee   ☐ independent contractor.
     (ii) Registration No.: **S-238**
     (iii) County: **FRESNO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

   Date: **1/14/2026**

**Eddings Attorney Support Services, Inc.**
**1099 East Champlain Dr., Suite A-102**
**Fresno, CA 93720**
**(559) 222-2274**
**www.Eddings-Online.com**

_____
   **Joseph Cassinerio, II**
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶   _____
         (SIGNATURE)

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joshua D. Milton, SBN 324982, Bruce J. Berger SBN 133320<br>Berger Milton, Inc.<br>2147 Herndon Ave., Ste. 103<br>Clovis, CA 93611<br>    TELEPHONE NO.: 559-326-7914    FAX NO. *(Optional):* 559-533-0428<br>E-MAIL ADDRESS *(Optional):* bruceb@bergermilton.com<br>ATTORNEY FOR *(Name):* Defendant, Fresno Unified School District | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Eastern District of California
    STREET ADDRESS:  2500 Tulare Street
    MAILING ADDRESS:  2500 Tulare Street
    CITY AND ZIP CODE:  Fresno, CA 93721
    BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: M.O., a minor at time of events,<br><br>DEFENDANT/RESPONDENT: Fresno Unified School District, Dusty W. Lewis | CASE NUMBER: |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☐ summons
   - b. ☐ complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☑ other *(specify documents):* NTC OF REMVL OF ACT. UNDER 28 U.S.C. SECTION 1441 (a), (c)

3. a. Party served *(specify name of party as shown on documents served):*
      Joe Lopez on behalf of Tryk Law, Attorney for Plaintiff M.O.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   575 E. Locus Ave., Suite 308, Fresno, CA 93720
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 02/11/2026    (2) at *(time):* 2:45p.m.
   - b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     - (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: M.O., a minor at time of events, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fresno Unified School District, Dusty W. Lewis | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Authorized person on behalf of plaintiff
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☑ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**
  a. Name: Shawn P. Patty
  b. Address: 2350 W. Shaw Ave., Suite 147  Fresno, CA 93711
  c. Telephone number: (559) 353-2203
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 02/11/2026

_____    ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE )