# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

M.O., *a minor at the time of events*,

Plaintiff,

v.

FRESNO UNIFIED SCHOOL DISTRICT,

Defendant.

Case No. 1:26-cv-01234-SAB

ORDER REGARDING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

ORDER DIRECTING PARTIES TO CONSIDER WHETHER TO CONSENT TO THE JURISDICTION OF A FEDERAL MAGISTRATE JUDGE

(ECF No. 5)

**MARCH 11, 2026 DEADLINE**

On March 3, 2026, Plaintiff filed a notice of voluntary dismissal as to the sixth cause of action raised in the complaint, pursuant to Fed. R. Civ. P. 41(a)(1).  (ECF No. 5.)  However, the Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants; rather, Rule 15 provides the proper mechanism to do so. Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.  Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15].");  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint.");  see also Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Therefore, the Court will direct Plaintiff to file an amended complaint that omits the sixth cause of action, Title IX sex discrimination, pursuant to Fed. R. Civ. P. 15(a)(1)(B).  See Hells

Canyon Pres. Council, 403 F.3d at 689.

Furthermore, the Court observes that defendant Dusty William Lewis was dismissed by California Superior Court, Fresno County, on December 22, 2025.  (ECF No. 1, p. 22.) Therefore, Plaintiff's amended complaint should reflect this dismissal in the caption.

Because Plaintiff seeks to omit her only federal cause of action, Plaintiff has notified the Court that she intends to file a motion to remand for want of subject-matter jurisdiction.  (ECF No. 5.)  Alternatively, Plaintiff offers that the Court may remand *sua sponte* or issue an order to show cause, ordering Defendant to show cause how the Court has subject-matter jurisdiction over the case. (Id.)  At this juncture, Plaintiff is only half correct.

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases are directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action.  L.R. App. A(m)(1).  This action has been directly assigned to a Magistrate Judge only.  (See ECF No. 4.)  If the parties consent, the Court will be able to directly issue an order regarding the matter of remand.  28 U.S.C. § 636(c).  If the parties do not consent, the Court will be required to issue a findings and recommendations, which may be adopted, modified, or rejected by a District Judge following a fourteen-day objection period.  28 U.S.C. § 636(b)(1)(C).

For the parties' benefit, the Court observes that district "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation."  Rush Air Sports, LLC v. RDJ Grp. Holdings, LLC, No. 1:19-cv-00385-LJO-JLT, 2019 WL 4879211, at *1 (E.D. Cal. Oct. 3, 2019); Pizana v. SanMedica Int'l, LLC, No. 1:18-cv-00644-DAD-SKO, 2020 WL 469336, at *7 n.8 (E.D. Cal. Jan. 29, 2020); see also Hon. Lawrence J. O'Neill, et al., An Important Letter to Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis, (June 19, 2018) https://www.caed.uscourts.gov/caednew/index.cfm/news-archive/important-letter-re-caseload-crisis/ (noting that in 2018, "[e]ach District Judge handles an average of approximately 900 cases at any given time, more than double the nationwide average").

The Court therefore advises any party who has not filed a consent/declination form "to []consider consent to conduct all further proceedings before a Magistrate Judge, whose schedules

are far more realistic and accommodating to parties." Rush Air, 2019 WL 4879211, at *1; see 28 U.S.C. 636(c)(2). That said, the parties remain "free to withhold consent without adverse substantive consequences." 28 U.S.C. 636(c)(2).

Accordingly, the Court HEREBY ORDERS that the Plaintiff shall have through **March 11, 2026**, see Fed. R. Civ. P. 15(a)(1)(B), to file an amended complaint addressing the issues discussed in this order.

IT IS SO ORDERED.

Dated:    **March 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3